IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEMETCO SITE PRP GROUP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-179-SMY-SCW |
| A SQUARE SYSTEMS, INC., et al., | ) ) ) |
| Defendants. | ) |

**MOTION TO STAY AND EXTEND TIME TO SERVE DEFENDANTS**

Plaintiff Chemetco Site PRP Group ("Plaintiff"), by and through counsel, respectfully moves for an appropriate Court Order, which Stays all proceedings in this case except for dismissal notices and motions, and extends the time for Plaintiff to serve all defendants, until March 1, 2019. In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed its Complaint in this case on February 12, 2018 against approximately 3,500 named Defendants (Dkt. No. 1).

2. This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), relating to the release and/or threatened release of hazardous substances from a facility known as the Chemetco, Inc. Superfund Site, which consists of property located approximately two miles south of the Village of Hartford, Madison County, Illinois, as well as any area where hazardous substances that migrated from the Chemetco Superfund Site have come to be located ("Chemetco Site"). Dkt. No. 1 at 51.

3. The Chemetco Group seeks cost recovery and contribution from each Defendant pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), for past

and future response costs incurred and to be incurred by the Chemetco Group for response activities undertaken and to be undertaken at the Chemetco Site, along with a declaration as to each Defendant's liability and an allocation of past and future response costs among all parties. Dkt. No. 1 at 51-52.

4. Plaintiff consists of a group of potentially responsible parties ("PRPs") that are cooperating with the United States Environmental Protection Agency ("EPA") to conduct response cost activities at the Chemetco Site and to identify other PRPs at the Chemetco Site.

5. As part of the process to identify other PRPs that are not members of Plaintiff's group, Plaintiff and EPA have accessed a historical Wang-based computer system used by the operators of the Chemetco Site to record transactions of materials that were received at the Chemetco Site during its operating life. The collaborative process between Plaintiff and USEPA to mine the information about other PRPs from this Wang-based computer system has being going on for several years and will continue in the future. This extensive process involves the conversion of the Wang-based computer language to a PC format language to allow the historical records to be read.

6. Plaintiff's group members entered into an "Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study," CERCLA Docket No. V-W-15-C-019 ("RI/FS AOC") with EPA to perform a Remedial Investigation/Feasibility Study ("RI/FS") at the Chemetco Site, with an effective date of February 13, 2015.

7. For limitations purposes, the case law in federal circuits across the country is in a state of flux as to whether a CERCLA case of this type has to be filed within three years of the execution of an Administrative Order on Consent for an RI/FS or other type of removal action, or within three years of the completion of an RI/FS or other type of removal action. *See, e.g.,*

*Hobart Corp. v. Waste Management of Ohio, et al.*, 758 F.3d 757 (6th Cir. 2014), and its progeny.

8. Although the Seventh Circuit Court of Appeals has yet to rule on this limitations issue, out of an abundance of caution, Plaintiff filed its Complaint against the PRPs Plaintiff has been able to identify as of the date of the Complaint filing on February 12, 2018, the day before the three-year anniversary of the effective date of the RI/FS AOC.

9. Plaintiff will continue its collaborative efforts with EPA to identify additional PRPs and potential defendants from the Wang-based computer system.

10. With respect to the approximately 3,500 Defendants named in Plaintiff's original Complaint, Plaintiff's intent is to issue settlement offers to all named Defendants that are viable. Plaintiff's further intentions are to dismiss settling Defendants and non-viable Defendants to try to reduce this case as quickly and as efficiently as possible over the next twelve months or so.

11. Plaintiff's counsel is involved in several multi-party CERCLA cases of this type in federal district courts across the country, albeit not of this massive size. In nearly all such cases, the federal district courts have allowed Plaintiff's counsel an initial time period, with or without a Stay, to allow Plaintiff's counsel an opportunity to present settlement offers and/or dismiss as many parties as possible before setting a Scheduling Order and placing the case in an active discovery and litigation posture.

12. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

13.     Plaintiff respectfully submits that judicial economy is best served in this very large multi-party CERCLA case through a Stay for at least a year until March 1, 2019 to allow Plaintiff to make settlement offers and otherwise dispose of as many named Defendants as possible. During the requested Stay, Plaintiff will concentrate on settling with as many Defendants as possible and does not plan to file any pleadings other than voluntary dismissal notices of settling and/or otherwise non-viable Defendants under Fed. R. Civ. P. 41(A)(1)(a).

14.     Consistent with the length of the initial Stay, Plaintiff respectfully requests an extension of time for the time to serve named Defendants from the 90-day time period required in Fed. R. Civ. P. 4(m) to March 1, 2019.

15.     Plaintiff further submits that it would be appropriate to set a status conference in late 2018 or early 2019 to determine the status of Plaintiff's efforts to settle with and/or otherwise dismiss Defendants and determine whether the March 1, 2019 date should be extended by the Court.

16.     Plaintiff makes this Motion in good-faith and not for the purpose of causing any unnecessary delay in this case.

17.     A proposed Order will be transmitted to the Court via email transmission contemporaneously with the filing of this Motion.

WHEREFORE, for the foregoing reasons, Plaintiff requests an appropriate Court Order, which enters a Stay in this case until March 1, 2019 for all matters except voluntary dismissals of Defendants by Plaintiff, and which further extends the time for Plaintiff to serve the Complaint on all remaining Defendants until March 1, 2019, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: February 15, 2018

Respectfully submitted,

THE JUSTIS LAW FIRM LLC

/s/ Gary D. Justis
| | |
|---|---|
| Gary D. Justis | admitted in S.D. Ill. |
| Rachel D. Guthrie | admitted in S.D. Ill |
| Matthew T. Merryman | admitted in S.D. Ill. |

10955 Lowell Ave.
Suite 520
Overland Park, KS  66210-2336
Telephone: (913) 955-3712
Facsimile:  (913) 955-3711
Email: gjustis@justislawfirm.com
         rguthrie@justislawfirm.com
         mmerryman@justislawfirm.com

ATTORNEYS FOR PLAINTIFF CHEMETCO SITE PRP GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, a copy of the foregoing Motion to Stay and Extend Time to Serve Defendants was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

/s/ Gary D. Justis
Gary D. Justis